■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER RATTLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered January 15, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove beyond a reasonable doubt his defense of justification. Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. The evidence established that the defendant and his brother argued loudly and violently and that his brother, brandishing a knife, told him to get out of his room. The defendant returned to his own room and after remaining there for a short time, took his gun and returned to the scene of the prior fight. When his brother screamed at him and came at him with the knife in his hand, the defendant shot him twice, killing him.

The defendant further argues that the jury verdict finding him guilty of murder in the second degree was against the weight of the evidence. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). We find that the evidence clearly establishes that in the second confrontation, which ended in the death of the defendant's brother, the defendant was the initial aggressor. Even if the defendant believed that the decedent was about to use deadly force against him, he was obligated to withdraw from the encounter, since the evidence establishes that he had the ability to retreat in complete safety (see, People v Reyes, 116 AD2d 602). Accordingly, the jury's determination to discredit the defendant's justification defense and to find that all of the elements of the crimes of which he was convicted were proven beyond a reasonable doubt should not be disturbed by this court (see, People v Garafolo, 44 AD2d 86, 88).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.