■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY DON GARDNER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered April 19, 1984, convicting him of attempted robbery in the first degree (two counts) and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Trial Judge erred in ruling, pursuant to his offer of evidence, that testimony by the defendant's sister concerning statements he made to her pertaining to his role in the acts charged was inadmissible. Insofar as the precluded testimony constituted inadmissible hearsay which did not fall into any of the exceptions to the rule excluding hearsay generally, we find that the Trial Judge's ruling was proper.

The defendant also contends that the judgment appealed from should be reversed on the ground that the prosecutor impermissibly withheld from the defense the Grand Jury testimony of the defendant's sister, which the defendant contends was a wrongful denial of both *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) and *Brady* material *(see, Brady v Maryland,* 373 US 83).

However, the People represented that they had no intention of calling the defendant's sister as a witness for the prosecution. In fact, the defendant's sister was not called by the People to testify at trial. Thus, the Grand Jury testimony of the defendant's sister was not *Rosario* material *(see,* CPL 240.45 [1] [a]) and the defendant was not entitled to production of the minutes on this ground. Furthermore, with respect to the purported *Brady* violation, since the defendant's sister was known to the defense and was, in fact, called as a defense witness, the defense was fully able to "take advantage of any exculpatory testimony that [she] might furnish" *(United States v Stewart,* 513 F2d 957, 960). Therefore, there has been no *Brady* violation.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Lawrence, Balletta and O'Brien, JJ., concur.