■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD T. VINESKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Rosenblatt, J.), rendered May 28, 1978, convicting him of attempted murder in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at trial, when viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish that the defendant intended to cause the death of the State Trooper he shot and that he knew or reasonably should have known that the victim was a police officer. The evidence showed that during a heated argument concerning the condition of his apartment the defendant threatened the building manager with a shotgun, destroyed his own apartment with an axe and then took the shotgun and drove to a sporting goods store to buy ammunition. On his way back the defendant stopped to load the weapon with five rounds of ammunition. Upon entering the apartment complex, the defendant drove by the manager who was by that time standing near the roadway speaking with the State Trooper who had responded to the scene. The defendant parked nearby and the Trooper parked behind him. As the defendant alighted from his car carrying the shotgun, the State Trooper drew his weapon and said "This is the State Police. Put the shotgun down and we will talk about the problem." The Trooper was in uniform and was wearing a State Police hat. The defendant raised his shotgun and fired two shots at the Trooper, one of them striking him. That the defendant may have initially set out to kill the building manager or his dog, as he contends, does not negate his intent to kill the Trooper who intervened.

The defendant contended at trial that he was not guilty by

reason of mental disease or defect (Penal Law former § 30.05). He chose not to pursue the defense of extreme emotional disturbance which, if successfully established, would have permitted the jury to find him guilty of attempted manslaughter in the first degree (see, Penal Law § 125.27). The defendant's tactics failed. On appeal he asks this court to apply the extreme emotional disturbance defense and reduce his conviction or remit for a new trial. However, we decline to provide him with a second opportunity to present a defense which he earlier rejected for strategic purposes.

Nor do we find any merit to the defendant's contention that he did not effectively waive his right to be present at trial. After the close of the defense case the defendant was hospitalized with an apparent heart attack but informed the court through and upon the advice of his attorneys that he wished to have the trial continue in his absence. The Trial Judge convened court in the defendant's hospital room where he fully explained to the defendant his right to be present and the consequences of giving up that right. The defendant stated on the record his desire to waive his presence and also signed a written waiver. Furthermore, the defendant's own expert psychologist and a psychiatrist examined him and testified that he had the capacity to knowingly, voluntarily and intelligently relinquish his right. Under these circumstances, the defendant cannot reasonably argue that his waiver was invalid (see, People v Parker, 57 NY2d 136; People v Epps, 37 NY2d 343; People v Windley, 134 AD2d 386).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find that they are unpreserved for appellate review or without merit. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.