■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SPIRITO, Also Known as SPIRITO AMODECO, Appellant.— Judgment, Supreme Court, Bronx County (Bernard J. Fried, J.), rendered November 6, 1986, convicting defendant of two counts of assault in the first degree and one count of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to consecutive indeterminate terms of imprisonment of from 7½ to 15 years on each of the assault counts, to run concurrently with a sentence of 7½ to 15 years on the weapon count, unanimously affirmed.

We reject defendant's claim that numerous instances of prosecutorial misconduct, throughout the prosecution of his case, denied him a fair trial or an opportunity to establish a meaningful defense. First, we note that defendant's guilt of each of the crimes of which he was convicted was proven beyond a reasonable doubt, based upon the testimony of the shooting victims, who, upon being afforded the benefits of a witness protection program, eventually stepped forward and identified defendant as the shooter. (People v Contes, 60 NY2d 620, 621.)

The prosecutor committed no error in failing to produce the grand jury testimony of one of the victim's friends who was present at the scene of the shooting. His grand jury testimony lacked exculpatory value, and disclosure was not warranted pursuant to Brady v Maryland (373 US 83), since it did not create a reasonable doubt which did not otherwise exist. (People v Velez, 118 AD2d 116, 118-119.) Furthermore, disclosure was not warranted pursuant to People v Rosario (9 NY2d 286), since the witness was not a prosecution trial witness. (People v Ranghelle, 69 NY2d 56, 62.)

Defendant's claim that the prosecutor used grand jury

proceedings to intimidate a defense witness and counsel is conclusory and wholly unsubstantiated. Nor has defendant demonstrated that counsel rendered less than "meaningful representation". *(People v Baldi,* 54 NY2d 137, 147.)

Defendant has failed to establish that the suppression court erred in denying his motion to suppress inculpatory statements made by him to police officers. The statements were spontaneous *(People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007). We also reject defendant's conclusory claim that complainants should have been compelled to testify at the *Wade* hearing. *(See, People v Chipp,* 75 NY2d 327, 334, *cert denied* — US —, 112 L Ed 2d 70.)* Last, we note that the imposition of consecutive sentences on defendant's convictions of assault in the first degree was proper. *(Cf.,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 842-843.)

We have examined defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Ross, Asch and Kassal, JJ.