OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who has been *580 charged with murder in the second degree, pursuant to CPL 240.20 (1) (h),[1] for discovery of the Grand Jury testimony of a prosecution witness whom the defendant intends to call at a suppression hearing.
That subdivision provides for discovery of "[ajnything required to be disclosed, prior to trial, to the defendant by the prosecutor, pursuant to the constitution of this state or of the United States” (CPL 240.20 [1] [h]), which refers to Brady material (Brady v Maryland, 373 US 83; see, People v Cesar G., 154 Misc 2d 17), and apparently to Rosario material[2] (People v Rosario, 9 NY2d 286; see, People v Caussade, 162 AD2d 4, lv denied 76 NY2d 984, 989).
The defendant argues that because the prosecution will not produce this witness at the suppression hearing, the defendant is compelled to elicit her testimony, entitling him to the requested transcript under the discovery statute. The prosecution responds that the defendant is not entitled to the secret Grand Jury testimony of a prosecution witness who has been converted into a defense witness.
There is disagreement among the nisi prius courts as to whether under the Brady rationale, discovery is permitted of exculpatory material of a witness who may testify for a defendant, which is in possession of the prosecutor (People v Mitchell, 99 Misc 2d 332—defendant entitled to certain exculpatory testimony given to the Grand Jury by witnesses produced at his request; People v Guzman, 79 Misc 2d 668— defendant entitled to statements of exculpatory alibi witnesses made during interrogation by the prosecution; People v Washington, 84 Misc 2d 935—defendant not entitled to Grand Jury testimony of possible alibi witnesses called by the Grand Jury at his request).[3]
However, a position on this issue need not be taken, since there is no claim here that the testimony of this witness before the Grand Jury was exculpatory,[4] so the basis for discovery must rest on Rosario principles.
This motion must fail upon this ground also, because CPL *581 240.44 provides "at a pre-trial hearing * * * each party, at the conclusion of the direct examination of each of its witnesses, shall, upon request of the other party, make available to that party to the extent not previously disclosed: 1. * * * any testimony before a grand jury, made by such witness * * * which relates to the subject matter of the witness’s testimony.”[5]
[6]This section negatives any claim to pretrial discovery.
While the defendant possesses no authority to demand pretrial discovery of the witness’ Grand Jury testimony, he may be entitled to its production under this same section under certain conditions.
Almost the same scenario involved in this case was present in People v Gladden (72 AD2d 568), decided by the Appellate Division, Second Department. There, during the trial the defendant called a witness to corroborate his version of the facts. That witness had been interviewed by and given a statement to a District Attorney’s staff member prior to trial. The prosecution used this statement to impeach the witness’ credibility, but the defendant’s request to examine the statement was denied. That ruling was found to be erroneous. The Court concluded that although the defendant was seeking a prior statement of one of its own witnesses for the purpose of rehabilitation upon redirect examination, and was not seeking a statement of a prosecution witness for impeachment upon cross-examination, the same Rosario principles of fairness should apply.
Some doubt as to the efficacy of this proposition is caused by People v Gardner (162 AD2d 466), decided by the same appellate court. In that case, the defendant’s sister testified before the Grand Jury as a prosecution witness, but the People did not call her to testify at the trial. The defendant complained that the prosecutor impermissibly withheld Rosario material as his sister was called as a defense witness. This contention was rejected with a finding that the Grand Jury testimony of the defendant’s sister was not Rosario material, and the defendant was not entitled to its production on that ground.®
*582 These two cases are not irreconcilable, because there is no showing in Gardner (supra) that the testimony of the defendant’s sister was impeached by the Grand Jury testimony, so there may have been no necessity for rehabilitation by resort to such testimony.[7]
Also, Gladden (supra) would seem to comport with the general rule that where only a part of a statement is drawn out on cross-examination, the other parts of the statement may be introduced on redirect examination for the purpose of explaining or clarifying the first part of that statement (Richardson, Evidence § 523 [Prince 10th ed]; People v Torre, 42 NY2d 1036). Although this rule does not apply to a "turncoat” witness, this would not seem to excuse any deviation therefrom.
Accordingly, the defendant is not entitled to pretrial discovery of this witness’ Grand Jury testimony, but in the event that she testifies at the pretrial hearing and is impeached by her Grand Jury testimony, the defendant is entitled to the production of such testimony for the purpose of possible rehabilitation.

. This subdivision is the only applicable one in this section; CPL 240.44 (1) is inapplicable to pretrial disclosure.

. See, n 5.

. There is dictum in People v Grady (130 Misc 2d 677) that if the People do not intend to call a particular witness and the defendant does so, the People are not required to disclose a statement of that witness in their possession.

. A reading of the Grand Jury testimony of this witness confirmed this.

. This section (see, People v Taylor, 102 AD2d 944, affd 65 NY2d 1) and CPL 240.45 (1) (a) (see People v Spirito, 172 AD2d 196, lv denied 78 NY2d 1081) are the sections that more appropriately pertain to Rosario material, and not CPL 240.20 (1) (h).

. No Brady violation was found either, because the sister was called as a defense witness, and the defense could take advantage of any exculpatory information she could furnish.

. The record on appeal discloses that the defendant’s sister testified against a codefendant before the Grand Jury; this is probably an irrelevant distinction since it did not enter into the appellate court’s reasoning.