◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN GIOELI, Appellant. [733 NYS2d 242] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullin, J.), rendered July 31, 2000, convicting him of rape in the second degree, sexual abuse in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for the purposes of entering an order in its discretion pursuant to CPL 160.50.

Following accusations of sexual abuse by his daughter, the defendant was indicted for four separate instances of rape and other related crimes between December 1992 and February 1993, September 1995, August 11, 1996, and August 30, 1996. Following a jury trial, the defendant was convicted of rape in the second degree, sexual abuse in the second degree, and endangering the welfare of a child arising only from his conduct on August 11, 1996. We agree with the defendant that the verdict was against the weight of the evidence (*see,* CPL 470.15 [5]).

During the trial, the credibility of the defendant's daughter was severely impeached. For example, the complainant testified that she was raped on or around August 30, 1996. However, on August 28, 1996, the defendant had hydrocell surgery to reduce the swelling in his right testicle. Moreover, although the complainant alleged that she was also raped by the defendant in September 1995, the testimony at trial revealed that the defendant had undergone back surgery on August 16, 1995, and wore a brace for three to four months thereafter. Similarly, the complainant was seen at two sepa-

rate hospitals for vaginal bleeding and stomach pains on January 3, and 4, 1993, less than a month after the first alleged rape, which she testified occurred around Christmas 1992. The hospital records from those visits reveal that the complainant had normal genitalia with no bruising or swelling present. In fact, the People's own expert conceded that penetration of an eight-year-old by an erect male penis would cause bruising, swelling, and injury to the hymenal tissue. Even assuming that the verdict of guilt was not against the weight of the evidence, pursuant to our interest of justice jurisdiction (*see,* CPL 470.15 [3] [c]), we would reverse the judgment and dismiss the indictment because the evidence in this case leaves us " 'with a very disturbing feeling that guilt has not been satisfactorily established; that there is a grave risk that an innocent man has been convicted' " (*People v Crudup,* 100 AD2d 938, 939). Accordingly, the judgment is reversed and the indictment is dismissed (*see, People v Reed,* 40 NY2d 204, 210; *People v Bryant,* 106 AD2d 650).

In light of our determination, we need not reach the defendant's remaining contentions. Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.