■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA LITTLES, Appellant. [766 NYS2d 566] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered April 14, 2000, convicting him of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated June 3, 2002 [295 AD2d 369], the matter was remitted to the Supreme Court, Queens County, to hear and report on the issue of whether any undisclosed agreements existed between Gykee Milliner and the Office of the District Attorney, Queens County, pursuant to which Gykee Milliner testified on behalf of the People at the defendant's trial, and if so, what terms were contained in the agreement and what promises, if any, were made to Gykee Milliner, and the appeal was held in abeyance in the interim. The Supreme Court, Queens County (Blackburne, J.), has now issued its report.

Ordered that the judgment is affirmed.

The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Evans*, 298 AD2d 401 [2002]). Since none of the testimony proffered from the witnesses at the hearing supports the defendant's contention that an undisclosed agreement existed in this case between the District Attorney and Gykee Milliner, the hearing court's determination should not be disturbed on this appeal (*see People v Evans, supra*).

We further conclude that the District Attorney properly

exercised his discretion in declining to confer transactional immunity upon Gykee Milliner from charges of perjury (*see People v Owens,* 63 NY2d 824, 825 [1984]; *People v Shapiro,* 50 NY2d 747, 760 [1980]; *People v Sapia,* 41 NY2d 160 [1976], *cert denied* 434 US 823 [1977]).

The defendant's remaining contentions are without merit. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.