■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MANCHION, Appellant. [778 NYS2d 709]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered August 21, 2002, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MARQUEZ, Appellant. [779 NYS2d 214]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 15, 2002, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence before the grand jury established that when the defendant slashed the victim across the chest with a box cutter, the victim was not armed, and the defendant had no reason to believe that the victim was carrying a weapon or was about to use deadly physical force against him (*see People v Reynoso,* 73 NY2d 816 [1988]; *People v Hosein,* 221 AD2d 563 [1995]; *People v Porter,* 161 AD2d 811 [1990]; *People v Harris,* 134 AD2d 369 [1987]; *People v Figueroa,* 111 AD2d 765 [1985]). Therefore, the prosecutor was not obligated to give the grand jury a justification charge.

The defendant's remaining contentions either are unpreserved for appellate review or without merit (*see People v Hayes,* 97 NY2d 203, 208 [2002]; *People v Goetz,* 68 NY2d 96 [1986]; *People v Foy,* 32 NY2d 473, 478 [1973]; *People v Jones,* 294 AD2d 517 [2002]). H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.