■ The People of the State of New York, Respondent, v Gerald Gaines, Appellant. [812 NYS2d 11]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 28, 2003, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence disproved defendant's justification defense beyond a reasonable doubt. During a fistfight, defendant cut his opponent with a box cutter at a time when the opponent was unarmed and was giving defendant no reason to believe that he was using or about to use deadly physical force (*see* Penal Law § 35.15 [2] [a]; *People v Marquez*, 8 AD3d 588 [2004], *lv denied* 3 NY3d 709 [2004]). Although the complainant banged defendant's head against a wall, this came after defendant had already cut the complainant. Furthermore, the evidence established that defendant could have retreated with complete safety.

Defendant's argument concerning the admission of alleged hearsay evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit.

There is nothing in the record to indicate that defendant was mentally incompetent at the time of his trial, or that the court should have conducted further competency proceedings, sua sponte, after the psychiatric institution to which defendant had been committed following a prior finding of incompetency certified that he was no longer incapacitated (*see* CPL 730.30 [2]; 730.60 [2]; *see also Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.