■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAJI FLOYD, Appellant. [823 NYS2d 532]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered April 1, 2004, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the court's justification charge, which included allegedly unwarranted instructions concerning the principles of provocation and "initial aggressor." However, the defendant's argument is

partially unpreserved for appellate review. The defendant opposed the court's instruction on provocation, thus preserving this argument for appeal. However, he did not object to the court's "initial aggressor" instruction, and therefore, failed to preserve this argument for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]).

In any event, contrary to the defendant's contention, the challenged instructions were properly given to the jury. The evidence established that the defendant went to the scene with a loaded pistol searching for the victim, chased the victim down, and then shot him three times at close range. Under these circumstances, the court properly instructed the jury to consider the principles of provocation and "initial aggressor" (*see People v Ramos*, 168 AD2d 518 [1990]; *People v Rattley*, 148 AD2d 642, 643 [1989]).

Furthermore, the defendant's contention that the court failed to properly convey the applicable standards of the duty to retreat is unpreserved for appellate review (*see People v Gray, supra*). In any event, the defendant's contention is without merit. Finally, the defendant's claims of summation error are unpreserved for appellate review and in any event, either are without merit or do not require reversal. Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.