■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR LOPEZ, Appellant. [826 NYS2d 257]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered December 2, 2002, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

Defendant's claim that his counsel provided ineffective assistance by failing to raise an extreme emotional disturbance defense and request a jury instruction thereon (*see* Penal Law § 125.25 [1] [a]) is unreviewable on direct appeal because it involves matters outside the record concerning strategic choices, which counsel has had no opportunity to explain (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's version of the events more closely supported a justification defense, which counsel vigorously pursued, than the defense of extreme emotional disturbance (*see People v Cutting*, 210 AD2d 791 [1994], *lv denied* 85 NY2d 971 [1995]). Moreover, an extreme emotional disturbance defense, upon which a defendant bears the burden of proof, would have been weak at best under the facts presented, and there does not appear to have been a reasonable view of the evidence that would have obligated the court to instruct the jury on that defense (*see People v Walker*, 64 NY2d 741 [1984]). Counsel could have reasonably concluded that an extreme emotional disturbance defense would have confused the jury and detracted from the justification defense. Counsel could also have reasonably concluded that extreme emotional disturbance, a mitigating defense, would have reduced defendant's chances for a complete acquittal. In any event, were we to find that counsel should have employed this defense, we would find that his failure to do so did not cause any prejudice to defendant (*see People v Caban*, 5 NY3d 143, 155-156 [2005]).

We also conclude that defendant was not deprived of effective assistance by his counsel's failure to object to the various portions of the court's justification charge that defendant challenges on appeal, since the lack of objection likewise did not cause him any prejudice. While the court should have provided a broader instruction to the jury with regard to its determination of whether defendant or the victim was the initial aggressor, the omission was harmless (*see People v Petty*, 7 NY3d 277, 285-286 [2006]). Viewed in its entirety (*see People v Fields*, 87 NY2d 821 [1995]), the remainder of the charge conveyed the appropriate legal principles. Accordingly, we also conclude that, were we to review all of defendant's present complaints about the court's charge in the interest of justice, we would find no basis for reversal.

We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.