THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GARGUILIO, Appellant. [870 NYS2d 380]—

The defendant's contentions that the prosecution failed to present legally sufficient evidence to disprove his justification defense and to establish the elements of murder in the second degree beyond a reasonable doubt are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Flores*, 43 AD3d 955 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the justification defense and establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, the defendant's conviction should not be reduced to manslaughter based upon the application of the affirmative defense of extreme emotional disturbance. The defendant contended at trial that his acts in stabbing the victim to death were justified. He chose not to pursue the affirmative defense of extreme emotional disturbance which, if successfully established, would have permitted the jury to find him guilty of manslaughter. The defendant's tactics failed. On appeal he asks this Court to apply the extreme emotional disturbance affirmative defense and reduce his conviction. However, we decline to provide him with a second opportunity to present a defense which he earlier rejected for strategic purposes (*see People v Vineski*, 162 AD2d 484 [1990]).

The defendant failed to preserve for appellate review his contention that he was denied a fair trial as a result of prosecutorial misconduct during the prosecutor's summation. The defendant raised no objection to the prosecutor's challenged comments during his summation and failed to move for a mistrial (*see* CPL 470.05 [2]; *People v Williams*, 8 NY3d 854 [2007];

*People v Pinkney*, 48 AD3d 707 [2008]). In any event, any error does not require reversal.

Contrary to the defendant's contention, the prosecutor was not required to produce the grand jury testimony of one witness who was present at the scene of a fight between the defendant and the victim which preceded the stabbing. The witness's grand jury testimony lacked exculpatory value, and disclosure was not warranted pursuant to *Brady v Maryland* (373 US 83 [1963]). Furthermore, disclosure was not warranted pursuant to *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), since the witness was not a prosecution trial witness (*see People v Ranghelle*, 69 NY2d 56 [1986]; *People v Spirito*, 172 AD2d 196 [1991]). We further conclude that the People properly exercised their discretion in declining to confer transactional immunity upon the witness (*see People v Owens*, 63 NY2d 824, 825 [1984]; *People v Shapiro*, 50 NY2d 747, 760 [1980]; *People v Sapia*, 41 NY2d 160 [1976], *cert denied* 434 US 823 [1977]; *People v Littles*, 309 AD2d 949 [2003]).

Additionally, the evidence before the grand jury established that when the defendant stabbed the victim multiple times with a knife, the victim was not armed, and the defendant had no reason to believe that the victim was about to use deadly physical force against him. Therefore, the prosecutor was not obligated to give the grand jury a justification charge (*see People v Marquez*, 8 AD3d 588 [2004]).

The defendant's challenge to the charge given by the trial court on the issue of justification is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, the court's charge was proper (*see People v Floyd*, 34 AD3d 494 [2006]; *People v Carranza*, 306 AD2d 351 [2003], *affd* 3 NY3d 729 [2004]; *see also People v Petty*, 7 NY3d 277, 285 [2006]; *Stokes v People*, 53 NY 164 [1873]).

The sentence imposed was excessive to the extent indicated.

The defendant's remaining contentions are without merit. Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.