■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY LEE, Appellant. [900 NYS2d 653]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 1, 2007, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In making an advance ruling under *People v Sandoval* (34 NY2d 371 [1974]) as to the admissibility of evidence of the defendant's prior convictions should he testify, the Supreme Court properly balanced "the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility" against "the risk of unfair prejudice to the defendant" (*id.* at 375). The evidence of the defendant's prior convictions deemed admissible by the Supreme Court was "probative on the issues of [the defendant's] credibility and his willingness to place his interests above those of society" (*People v McGill*, 260 AD2d 581, 582 [1999]). Furthermore, the record demonstrates that the Supreme Court was "sensitive to the prejudicial effect" of allowing inquiry and "weighed it against the probative value of the evidence[ ] before ruling" (*People v Dubose*, 147 AD2d 585, 586 [1989]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Taylor*, 94 NY2d 910, 911 [2000]).

Moreover, in fulfilling our responsibility to conduct an inde-

pendent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the jury instructions regarding reasonable doubt and identification testimony were erroneous is not preserved for appellate review (*see People v Floyd*, 34 AD3d 494, 495 [2006]). In any event, the contention is without merit.

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.