14-309-pr
*Lopez v. Ercole*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fourteen.

PRESENT:   JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
           PETER W. HALL,
                    *Circuit Judges.*

———————————————————————

CESAR LOPEZ,

     *Petitioner-Appellant,*

       v.                        No. 14-309-pr

ROBERT ERCOLE, SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

     *Respondent-Appellee.*

———————————————————————

**FOR PETITIONER-APPELLANT:**     MITCHELL J. BRISKEY, Legal Aid Society, New York, NY.

**FOR RESPONDENT-APPELLEE:**     REBECCA L. JOHANNESEN (Joseph N. Ferdenzi, Nancy D. Killian, *on the brief*), Assistant District Attorneys, *for* Robert T. Johnson, District Attorney, Bronx, NY.

Appeal from a January 30, 2014 judgment and order of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Petitioner-appellant Cesar Lopez ("Lopez") appeals the January 30, 2014 judgment of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lopez was convicted on October 30, 2002 in New York State Supreme Court, Bronx County, after a jury trial, of one count of murder in the second degree for the February 2002 killing of his common-law wife, Nilda Torres. Lopez confessed to authorities and testified under oath at his trial that he had stabbed Torres to death shortly after a heated altercation in which Torres had accused him of infidelity, threatened to kill him, and lunged at him with a knife, causing injuries to Lopez's hand. At trial, Lopez's attorney unsuccessfully pursued a theory of self-defense.

Following his conviction, Lopez filed a direct appeal before the Appellate Division and subsequently a motion in the trial court pursuant to New York Criminal Procedure Law § 440.10 ("CPL § 440") to vacate his conviction, both alleging ineffective assistance of counsel due to his trial attorney's failure, *inter alia*, to pursue the defense of extreme emotional disturbance ("EED"). After the respective state courts denied both direct appeal and collateral motion, Lopez filed this petition for writ of habeas corpus in the District Court. The District Court denied the petition, but simultaneously granted a certificate of appealability "confined to the issue of whether counsel was ineffective for failure to utilize a defense of extreme emotional disturbance." *Lopez v. Ercole*, No. 09 Civ. 1398(PAC)(AJP), 2014 WL 285079, at *17 (S.D.N.Y. Jan. 27, 2014). We accordingly limit our review to that issue. *See Armienti v. United States*, 234 F.3d 820, 824 (2d Cir. 2000). We otherwise assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court reviews *de novo* the District Court's denial of a habeas petition pursuant to 28 U.S.C. § 2254. *See Jones v. West*, 555 F.3d 90, 95-96 (2d Cir. 2009). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), we apply a highly deferential standard to the state court determination where, as here, the claim has been adjudicated on the merits by the state court.[1] A habeas petition may not be granted unless a state court's

---

[1] Petitioner's brief contests the District Court's finding that the Appellate Division reached a decision on the merits upon petitioner's direct appeal, since that court initially characterized the claim as "unreviewable on direct appeal because it involves matters outside the record concerning strategic choices," but then went on to make a finding of no ineffective assistance under both state and federal standards "[o]n the existing record, to the extent it permits review." *People v. Lopez*, 36 A.D.3d 431, 432 (N.Y. App. Div. 2007). In any event, both parties, as well as the District Court, agree that the Bronx trial court considering petitioner's CPL § 440 motion rendered a decision on the merits, such that the AEDPA standard of review applies. *See Lopez*, 2014 WL 285079, at *9-10; Appellant's Br. at 48; Appellee's Br. at 27.

2

adjudication on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). In other words, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). Further, our review of the pending § 2254 petition "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Petitioner's claim for ineffective assistance of counsel is evaluated pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), which sets forth a two-pronged test. To establish ineffective assistance, petitioner must (1) show that his counsel's representation "fell below an objective standard of reasonableness" measured by "prevailing professional norms," and (2) "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688-94. The standard for evaluating the adequacy of counsel's representation is "a most deferential one," *Richter*, 131 S. Ct. at 788, since "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Taken together, the deference due to the state court on a § 2254 motion and the deference due to counsel create a "doubly" deferential standard: "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 131 S. Ct. at 788.

In light of the rigorous governing law, we conclude that the state court did not unreasonably apply *Strickland* in denying Lopez relief. On the contrary, the evidence before the Appellate Division and cited by the District Court—including Lopez's turbulent relationship with Torres, Torres' frequent physical attacks, Lopez's presence of mind and calm willingness to summon assistance immediately after Torres' death, his composed comportment and cooperation with responding police officers, and more—supports the District Court's determination that counsel had "a valid basis for arguing that defendant acted in self defense," and at the same time suggests that "the EED argument was not a compelling one." *Lopez*, 2014 WL 285079, at *15. Reviewing the same record, the Appellate Division reasonably found that "an extreme emotional disturbance defense, upon which a defendant bears the burden of proof, would have been weak at best under the facts presented," and moreover may have "detracted from the justification defense" that counsel actually presented. *Lopez*, 36 A.D.3d at 432. The Bronx trial court before which Lopez filed the CPL § 440 motion subsequently and independently agreed with the Appellate Division's conclusion that Lopez did not carry his burden of establishing ineffective assistance. Because petitioner has failed to

3

adequately show that the state court's decision rested on an unreasonable application of federal law, he is not entitled to a writ of habeas corpus.

## CONCLUSION

We have considered all of the remaining arguments raised by petitioner on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the district court's order denying relief under 28 U.S.C. § 2254.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk