◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES OLSEN, Appellant. [48 NYS3d 520]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Delligatti, J.), rendered December 1, 2014, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court was not required to obtain from him an affirmative waiver of the affirmative defense of extreme emotional disturbance (*see People v Harris*, 109 AD2d 351 [1985]).

Furthermore, reduction of the defendant's conviction to manslaughter based upon the application of the affirmative defense of extreme emotional disturbance is not warranted. The defendant contended at trial that his act in strangling the victim to death was the result of mental disease or defect. He chose not to pursue the affirmative defense of extreme emotional disturbance which, if successfully established, would have permitted the jury to find him guilty of manslaughter. On appeal, he asks this Court to apply the extreme emotional disturbance affirmative defense and reduce his conviction. However, we decline to provide him with a second opportunity to present an affirmative defense which he earlier rejected for strategic purposes (*see People v Vineski*, 162 AD2d 484 [1990]). Additionally, we decline to reverse his conviction in the interest of justice (*see generally People v Gioeli*, 288 AD2d 488 [2001]).

The defendant's contention that he was deprived of the effec-

tive assistance of counsel is without merit. "[W]hen reviewing claims of ineffective assistance of counsel, care must be taken to avoid confusing true ineffectiveness with mere losing tactics. The performance of counsel must be viewed without the benefit of hindsight and if counsel provided meaningful representation in the context of the evidence, the law, and the circumstances of the particular case, the constitutional requirement will have been met" (*People v Butler*, 143 AD2d 140, 140-141 [1988]; *see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). "[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings. . . . As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 712-713 [1998] [citations and internal quotation marks omitted]). Here, defense counsel presented a reasonable strategy of seeking an acquittal on the murder count rather than a reduction of the count to manslaughter based upon the affirmative defense of extreme emotional disturbance. Under the circumstances, the defendant was afforded meaningful representation.

The defendant correctly contends that the police search of his computer was not authorized by the search warrant obtained by the police. However, the violation of the defendant's constitutional right was harmless error, as the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the error contributed to the defendant's conviction (*see People v Lewis*, 23 NY3d 179, 189 [2014]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.