People v Seabra (2018 NY Slip Op 01165)





People v Seabra


2018 NY Slip Op 01165


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5762 199/11

[*1]The People of the State of New York, Respondent,
v
Renato Seabra, Defendant-Appellant.


Law Offices of Scott B. Tulman & Associates, PLLC, New York (Scott B. Tulman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered December 21, 2012, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. To the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant concedes that his trial attorneys pursued an insanity defense in a competent manner, but claims that they were ineffective solely based on the failure to raise the mitigating defense of extreme emotional disturbance (EED). Under the circumstances of this particular case, counsel could have reasonably concluded that the insanity defense was stronger than the EED defense, and that raising both defenses would likely harm defendant, such as by confusing the jury (see People v Lopez, 36 AD3d 431, 432 [1st Dept 2007], lv denied 8 NY3d 947 [2007]; see also People v Bradley, 88 NY2d 901, 903 [1996]).
Defendant's alternative argument that the court should have given an EED charge is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. It would have been improper for the court to give that charge sua sponte (see id.; People v Perez, 123 AD3d 592, 593 [1st Dept 2014], lv denied 25 NY3d 1169 [2015]).
Furthermore, the court was not obligated to raise the issue of whether defendant wanted an EED charge, or to obtain defendant's "waiver" of that defense (see People v Olsen, 148 AD3d 829 [2d Dept 2017], lv denied 29 NY3d 1084 [2017]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK