People v Baptiste (2023 NY Slip Op 02835)

People v Baptiste

2023 NY Slip Op 02835

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Mendez, Pitt-Burke, JJ. 

Ind No. 4823/12 Appeal No. 306 Case No. 2015-2521 

[*1]The People of the State of New York, Respondent,
v
Stephan Baptiste, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered March 31, 2014, as amended April 23, 2014, convicting defendant, after a jury trial, of two counts of scheme to defraud in the first degree, three counts of grand larceny in the fourth degree, and three counts of petit larceny, and sentencing him to an aggregate term of two to six years and restitution in the amount of $1,273,431.75, unanimously reversed, on the law, and the matter remanded for a new trial.
The court did not follow the procedures set forth in People v O'Rama (78 NY2d 270[1991]) with regard to several jury notes. The record does not reflect that the court read or showed four of the jury's notes to the parties or afforded them an opportunity to provide input regarding the proper response to the notes. Indeed, the record contains no indication that these four notes, each of which sought trial exhibits, were responded to at all. While "[n]otes that only require the ministerial act of sending exhibits into the jury room do not implicate the requirements of O'Rama" and CPL 310.30 (People v Dunham, 172 AD3d 524, 524 [1st Dept 2019], lv denied 34 NY3d 930 [2019]), notes that do not unambiguously describe the requested exhibits warrant input from counsel and are subject to O'Rama's requirement of meaningful notice. Here, at least two of the notes that the court did not address fall into this latter category. Because of this mode of proceedings error, a new trial is called for.
In light of this determination, we need not address defendant's other arguments regarding the jury notes or his challenge to the restitution order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023