People v Young (2024 NY Slip Op 05068)

People v Young

2024 NY Slip Op 05068

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Ind. No. 1524/20 Appeal No. 2829 Case No. 2021-04147 

[*1]The People of the State of New York, Respondent,
v
David Young Also Known as Raina McKenzie, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered November 8, 2021, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing her, as a second violent felony offender, to concurrent terms of five years to be followed by five years of postrelese supervision on the assault count and 3½ to 7 years on the weapon possession count, unanimously affirmed.
The verdict was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence demonstrated that defendant was the initial aggressor of the physical encounter with the victim (see People v Gaines, 26 AD3d 269, 270 [1st Dept 2006], lv denied 6 NY3d 847 [2006]). Regardless of who initiated the physical encounter, defendant, who could safely have retreated, was not justified in chasing the victim into a nearby parking garage and stabbing him multiple times as he lay on the ground (see Penal Law § 35.15[2][a]; People v Crique, 63 AD3d 566, 567 [1st Dept 2009], lv denied 13 NY3d 835 [2009]). With respect to the weapon possession count, the jury was entitled to reject defendant's testimony that she believed that the victim was going into the parking garage to get a weapon (see People v Pugh, 216 AD3d 577, 578 [1st Dept 2023], lv denied 40 NY3d 999 [2023]).
Defendant failed to preserve her claim that the verdict sheet should have instructed the jury that an acquittal of the attempted first-degree assault count based on justification also required an acquittal of second-degree assault (see People v Macon, 186 AD3d 430 [1st Dept 2020], lv denied 35 AD3d 1114 [2020]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024