People v Coggins (2025 NY Slip Op 01881)

People v Coggins

2025 NY Slip Op 01881

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Ind No. 2304/18|Appeal No. 3999|Case No. 2019-03374|

[*1]The People of the State of New York, Respondent,
v
Tonie Coggins, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Samuel Barr of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Peter Rienzi of counsel), for respondent.

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered August 2, 2019, convicting defendant, after a jury trial, of assault in the third degree, and sentencing her to one year in jail, unanimously affirmed.
The surveillance video footage which showed the altercation between defendant and the victim, and which resulted in the victim's loss of sight in one eye, was inadvertently lost and not destroyed in bad faith. As a result, the court's admission of the testimony of the seven witnesses who viewed the footage as to what the video footage showed did not violate the best evidence rule (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643-644 [1994]; see also People v Jackson, 192 AD3d 15, 17 [4th Dept 2020], lv denied 36 NY3d 1098 [2021]; People v Tanner, 67 AD3d 609 [1st Dept 2009], lv denied 14 NY3d 806 [2010]; cf. People v Cyrus, 48 AD3d 150, 159 [1st Dept 2007], lv denied 10 NY3d 763 [2008]). Although the witnesses' testimony varied in certain respects, it was largely consistent and reasonably accurate on the elements of the altercation, and each of the witnesses was subject to rigorous cross-examination. Moreover, the trial court providently issued a sanction in the form of a permissive adverse inference to counter possible prejudice to defendant (see People v Banch, 80 NY2d 610, 616 [1992]; People v Martinez, 71 NY2d 937, 940 [1988]; People v DeJesus, 127 AD3d 589, 590-591 [1st Dept 2015], lv denied 26 NY3d 928 [2015], cert denied 578 US 961 [2016]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). There is no basis for disturbing the jury's credibility determinations, including its rejection of defendant's testimony supporting her justification defense (see People v Pugh, 216 AD3d 577, 577 [1st Dept 2023], lv denied 40 NY3d 999 [2023]). Not only did the victim testify that she was on the ground when she received the final blows from defendant, one of which caused her to be unable to see out of her left eye, but several of the witnesses who viewed the surveillance videotape testified that when the victim was on the ground and no longer fighting, defendant continued to punch the victim and delivered a kick to her upper body or head before she left. Testimony by the victim's treating physicians indicated that the damage to the victim's eye which left her blind in
that eye was a blow delivered with significant blunt force.
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025